UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

        Petitioner,

v.
        Case No. 23-cv-493-pp

GARY BOUGHTON,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND REQUIRING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

On April 17, 2023, the petitioner, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. He did not pay the filing fee. One week later, the petitioner filed a partial prison trust account statement covering the periods from March 11, 2017 through March 17, 2017 and from September 12, 2020 through September 18, 2020. Dkt. No. 6. The court will construe the statement as a motion for leave to proceed without prepaying the filing fee and deny the motion without prejudice. The petitioner is in custody because of a judgment of conviction, so 28 U.S.C. §2441 is not the proper statute for the petitioner to use to request relief; the court will order the petitioner to file an amended *habeas* petition seeking relief under 28 U.S.C. §2254.

1

**I. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 4)**

On April 17, 2023, the day the petitioner filed his §2241 petition, the clerk's office sent him a letter notifying him that there is a $5 fee for filing a petition for a writ of *habeas corpus*. Dkt. No. 2. The clerk explained that within twenty-one days the petitioner must either pay the filing fee or a file request to proceed without prepaying the filing fee (along with a certified trust account statement). Id. Three days later, on April 20, 2023, the court received from the petitioner a Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee, dkt. no. 4, along with a partial trust account statement, dkt. no. 4-1. Four days after that, on April 24, 2023, the court received another copy of the partial trust account statement. Dkt. No. 6.

The court must deny the request to proceed without prepaying the filing fee, because the petitioner did not provide the court with the full, six-month trust account statement required by law. As instructed by the clerk in her letter to the petitioner, a petitioner requesting to proceed without prepaying the filing fee must include with the motion a certified copy of his institutional trust account statement for six-month period preceding the date on which he filed his petition. Dkt. No. 2 at 1. Because the petitioner filed his petition on April 17, 2023, he needed to provide a trust account statement for the period from October 17, 2022 through April 17, 2023. The petitioner filed two pages from his trust account statement, one covering six days in September 2020 and the other covering six days in March 2017. Dkt. No. 6. The Wisconsin Department of Corrections locator website indicates, however, that the petitioner has been at the Wisconsin Secure Program Facility since January 2012. The WSPF business office has a record of the petitioner's trust account activity between October 17, 2022 and April 17, 2023. Even if there was not much—or any—

2

activity in the trust account during those six months, and even if the petitioner did not have any money in the trust account at the time he filed the petition, he still must provide the court with a *full*, certified trust account statement for the entire six-month period preceding the date on which he filed the petition. Without the full trust account statement, the court has no way to determine whether the petitioner qualifies to proceed without prepaying the filing fee.

The court will set a deadline below by which the petitioner must either pay the $5 filing fee or file a certified copy of his trust account statement for the past six months. If the petitioner does not either pay the filing fee, file his trust account statement or ask for more time to do so before the date the court sets below, the court will dismiss the case without further notice.

**II.     Rule 4 Screening**

    A.     Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules of the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Rule 4 of the Rules Governing §2254 proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims Instead, the

3

court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default.

B.  <u>The Petition</u>

The petition refers to Milwaukee County Case No. 2009CF5292 and a case filed in this district, Case No. 19-cv-340-bhl. Dkt. No. 1 at 4. The court has reviewed the publicly available docket for the petitioner's state court case. <u>See</u> <u>State v. Tinnon</u>, Case No. 2009CF5292 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). It indicates that on April 1, 2010, the petitioner pled guilty to first-degree intentional homicide and possession of a firearm by a felon. <u>Id.</u> On June 7, 2010, the state court sentenced the petitioner to a term of life imprisonment with eligibility for extended supervision after serving thirty-eight years. <u>Id.</u> The court entered a judgment of conviction on June 8, 2010. <u>Id.</u> Although the petition is confusing, appears to be a blend of a couple of different forms and appears to be missing some pages, it references the fact that the petitioner's parole was revoked in 2009. Dkt. No. 1 at 2. It references incarceration in state prison in Ohio. <u>Id.</u> The petitioner appears to be challenging the process at his parole hearing, <u>id.</u> at 8, and his convictions in Wisconsin, Ohio, Georgia, Florida and Illinois, <u>id.</u> at 9.

A "state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release" must seek relief under 28 U.S.C. §2254. <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994); <u>Walker v. O'Brien</u>, 216 F.3d 626, 633 (7th Cir. 2000). If a person is in state custody because of a state court judgment and wants to challenge that custody, the person must do so under 28 U.S.C. §2254, not 28 U.S.C. §2241. <u>Walker</u>, 216 F.3d at 633 ("Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in

4

custody pursuant to a state court judgment who wish to challenge anything affecting that custody . . . ."). See also, Barnes v. Baldwin, No. 19-cv-00635-SMY, 2019 WL 3975176 (S.D. Ill. 2019) (dismissing state prisoner's challenge to his state criminal conviction because it was improperly brought under §2241, rather than §2254). As best the court can tell, the petitioner is in custody under a state court judgment—either his original conviction or his parole revocation—which means he should have filed a §2254 petition, not a §2241 petition. The court will allow the petitioner to file an amended §2254 petition using this court's standard form. The court will include a blank form with this order.

If the court does not receive an amended petition on the correct form by the deadline below, the court will dismiss the case without further notice.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's request for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that by the end of the day on **September 15, 2023**, the petitioner must either pay the $5 filing fee, file a certified copy of his trust account statement for the past six months or file a motion asking the court for more time to provide his trust account statement. The petitioner must do one of these three things—pay the $5.00 fee, provide his trust account statement for October 17, 2023 through April 17, 2023 or ask for more time to do so—in time for the court to *receive* it by the end of the day on September 15, 2023. If the court does not receive the filing fee, a full trust account statement or a request for additional time to file the trust account statement by the end of the day on September 15, 2023, the court will dismiss the case without further notice.

5

The court **ORDERS** that the petitioner must file an amended §2254 *habeas* petition using the court's standard form, or file a motion for an extension of time by which to do so, in time for the court to *receive* it by end of the day on **September 15, 2023**. If the court does not receive an amended petition or a request for more time to file an amended petition by the end of the day on September 15, 2023, the court will dismiss the case without further notice.

Dated in Milwaukee, Wisconsin this 14th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**