UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANDRE L. TINNON,

        Petitioner,

  v.                                      Case No. 23-cv-493-pp

GARY BOUGHTON,

        Respondent.

---

**ORDER DISMISSING PETITIONER'S CASE FOR FAILURE TO COMPLY WITH COURT'S ORDER (DKT. NO. 9)**

---

On April 17, 2023, the court received from the petitioner a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The court's August 14, 2023 screening order explained that because the petitioner is in state custody as a result of a state court judgment of conviction, "28 U.S.C. §2241 is not the proper statute for the petitioner to use to request relief[.]" Dkt. No. 9 at 1. The court explained that "[a] 'state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release' must seek relief under 28 U.S.C. §2254," id. at 4 (quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994)), and ordered "that the petitioner must file an amended §2254 *habeas* petition using the court's standard form," id. at 6. The court included with the order the court's standard form for a §2254 *habeas* petition and stated that if it did not receive from the petitioner an amended petition using the court's form—or a request for more time to file an amended petition—

1

by the end of the day on September 15, 2023, it would dismiss his case without further notice. Id.

Four days later, on August 18, 2023, the court received from the petitioner an "amended petition," which was handwritten on notebook paper. Dkt. No. 10. Then on August 21, 2023, the court received from the petitioner a supplement to his amended petition—also handwritten on notebook paper—along with twenty-nine pages of documents, one of which was a copy of the court's August 14, 2023 order. Dkt. Nos. 12, 12-1. The petitioner's filings prompted the court to issue an order reiterating its previous warning

> that if by the end of the day on September 15, 2023 the petitioner does not either . . . (1) file an amended petition *using the form the court sent him* or (2) file a motion asking for more time to file the amended petition, the court will dismiss this case without further notice.

Dkt. No. 14 at 3 (emphasis in original).

On September 15, 2023, the court received from the petitioner an affidavit (handwritten on notebook paper) indicating that he lacked sufficient funds in his Prisoner Trust Fund Account to pay for a copy of his six-month certified trust account statement, dkt. no. 15, and a second motion for leave to proceed without prepaying the filing fee, dkt. no. 16. But the court did not receive from the petitioner an amended §2254 *habeas* petition on the court's standard form, nor did it receive a request for an extension of time to file an amended petition.

This court's Civil Local Rule 9 states that "[a]ll persons . . . petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . using forms available from the Court." Civil L.R. 9(a)(1) (E.D. Wis.). This court "has the inherent power to manage its docket, which includes the power to dismiss a case for 'failure to comply with valid orders,' a category of dismissal for failure to prosecute." See Dorsey v. Varga, 55 F.4th 1094, 1104 (7th Cir. 2022) (quoting Thomas v. Wardell, 951 F.3d 854, 862 (7th Cir. 2020)); see also Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the Court may enter an order of dismissal with or without prejudice.").

The court will dismiss the petitioner's case without prejudice for failing to comply with the court's August 14, 2023 order directing him to file an amended petition on the court's standard form and warning that his failure to do so (or, alternatively, to ask for an extension of time to do so) by September 15, 2023 would result in the court dismissing his case without further notice. The court provided the petitioner a copy of its standard form with its August 14 order and explained that he must use the standard form to submit an amended petition, stating—not once but twice—that his failure to do so would result in the court dismissing his case. Dkt. No. 9 at 4, 5. The petitioner confirmed his receipt of the August 14 order by including it as an attachment to the supplement to his amended petition, dkt. no. 12-1 at 1-6, which—as he did with his amended petition, see dkt. no. 10—he opted to write on notebook paper instead of the court's standard form, dkt. no. 12.

3

Even if the court were to excuse the petitioner's failure to comply with its August 14 order and its August 21 reiteration of that order, dismissal is warranted for another reason: the petition appears to be an unauthorized second or successive *habeas* petition.

The initial petition refers to two cases: (1) Milwaukee County Case No. 2009CF5292, and (2) a *habeas* case filed with this court, Case No. 19-cv-340-bhl. Dkt. No. 1 at 4. The publicly available docket for the petitioner's state court case, Case No. 2009CF5292, indicates that on April 1, 2010, the petitioner pled guilty to first-degree intentional homicide and possession of a firearm by a felon. See State v. Tinnon, Case No. 2009CF5292 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). On June 7, 2010, the state court sentenced the petitioner to a term of life imprisonment with eligibility for extended supervision after serving thirty-eight years. Id. The court entered a judgment of conviction on June 8, 2010. Id.

Case No. 19-cv-340-bhl, which was filed with this court in March 2019, was a §2254 *habeas* petition challenging the petitioner's 2010 conviction and sentence for first-degree intentional homicide and possession of a firearm by a felon. See Tinnon v. Boughton, Case No. 19-cv-340, 2021 WL 2788938, at *1 (E.D. Wis. June 16, 2021). In that case, the petitioner asserted that "newly discovered evidence"—*i.e.*, inconsistencies between his confession to the 2009 homicide and the physical evidence—proved his innocence. Id. at *2 n.1. Screening the petitioner's §2254 claims under Rule 4 of the Rules Governing §2254 proceedings, Judge Brett Ludwig found that the petitioner had "not

exhaust[ed] his state court remedies in connection with his 2010 conviction." Id. at *2. More specifically, the petitioner "never sought review of the circuit court's decisions denying his postconviction motions nor did he challenge his appellate counsel's statement that his direct appeal lacked merit or seek review of the appellate court's determination that his appeal lacked merit." Id. Finding that the petitioner had "fail[ed] to show good cause for his failure to exhaust his state court remedies," Judge Ludwig dismissed the petition and denied the petitioner a certificate of appealability. Id.

Rule 9 of the Rules Governing Section 2254 Cases says that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3) and (4)." This rule implements §2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Subsection (a) states that a district court shall not be required to entertain a *habeas* petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]" 28 U.S.C. §2244(a). Subsection (b)(1) effectuates subsection (a) by requiring that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). Subsection (b)(2) creates two narrow exceptions that—if the petitioner can meet the requirements—allow district courts to consider claims brought in second and successive petitions that were not presented to a district court in a previous petition.

Subsection (b)(3)(A), however, states that before a petitioner may attempt to seek relief in a second or successive petition under the two exceptions, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). "No matter how powerful a petitioner's showing, only [the federal court of appeals] may authorize the commencement of a second or successive petition." Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Id. (emphasis in original). If the petitioner's instant petition qualifies as a "second or successive petition," this court is required to dismiss it unless he has an order from the Seventh Circuit giving him approval to file it.

"[I]t is well settled that ["second or successive"] does not simply 'refe[r] to all §2254 applications filed second or successively in time[.]" Magwood v. Patterson, 561 U.S. 320, 332 (2010) (citing Panetti v. Quarterman, 551 U.S. 930, 944 (2007)). In Magwood, the Supreme Court held that the phrase "'second or successive' must be interpreted with respect to the judgment challenged." Id. at 333. In other words, if a petitioner's second petition challenges the same state court judgment that the first petition challenged, the second qualifies as a "second or successive" petition. Further, a petition "is caught by § 2244(b) and § 2255 ¶8 only if it is second successive to a proceeding that 'counts' as the first. A petition that has reached final decision

6

counts for this purpose." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).

In Case No. 19-cv-340, Judge Ludwig considered a *habeas* petition that challenged the petitioner's June 2010 conviction and sentence in Milwaukee County court for first-degree intentional homicide and possession of a firearm by a felon. Tinnon, 2021 WL 2788938. This case also challenges the petitioner's June 2010 conviction. Judge Ludwig's June 21, 2021 decision dismissed the petitioner's claim that newly discovered evidence proves his innocence on grounds that the petitioner had failed to exhaust his state court remedies. See id. at *2 & n.1. Though it is not entirely clear, the petitioner's current handwritten amended petition and the documents attached to it appear to be raising that same claim. See Dkt. Nos. 10 ("You can see through my enclosed documents that I am completely innocent. Please see through the mistakes that was [sic] made. (1) Lack of evidents [sic] no fingerprints on the gun. (2) ineffective assisting [sic] of counsel."); 12 ("See that my innocents [sic] is based upon my documents . . . I mean I have proved my innocents [sic] of what I have enclosed within my petition."). It appears likely that the instant *habeas* petition is a second or successive petition.

The petitioner has not provided this court with an order from the Seventh Circuit Court of Appeals authorizing him to file a second or successive petition. A search of the Seventh Circuit's online database using the petitioner's name returned an appeal of Judge Ludwig's decision dismissing the petitioner's first *habeas* case, Tinnon v. Boughton, Appeal No. 21-2906. The Seventh Circuit

dismissed the petitioner's appeal for lack of jurisdiction, finding that "judgment was entered on June 16, 2021, and the notice of appeal was filed on October 14, 2021, nearly three months late." Tinnon v. Boughton, Appeal No. 21-2906, 2022 WL 1164812, at *1 (7th Cir. Mar. 8, 2022). The court could not find any order granting the petitioner authorization to file a second or successive *habeas* petition. Therefore, even if the court were not dismissing the petitioner's case for failing to comply with the court's August 14, 2023 order, dismissal appears warranted under Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. § 2244(b)(3)(A), because the instant petition is likely a second or successive petition and the petitioner did not obtain leave from the Seventh Circuit Court of Appeals before filing it.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the court's August 14, 2023 order requiring the petitioner to file by September 15, 2023 either (1) an amended petition using the form the court sent him on August 14, 2023 or (2) a motion asking for more time to file the amended petition. Dkt. No. 9. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 4th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
