UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

        Plaintiff,

v.

        Case No. 23-cv-493-pp

GARY BOUGHTON,

        Defendant.

**ORDER DENYING MOTION TO REOPEN CASE AND EXTENSION OF TIME (DKT. NO. 24)**

On April 17, 2023, the petitioner filed a petition for *habeas corpus*. Dkt. No. 1. The form he used was an "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Custody." Id. Section 2241 of Title 28 allows people who are in custody under the authority of the United States, or for violations of federal laws or the Constitution, to seek *habeas* relief; it also allows foreign citizens in custody in the U.S. to seek *habeas* relief. But the petitioner identified his place of custody as the Wisconsin Secure Program Facility—a *state* prison. Dkt. No. 1 at 1. The Wisconsin Department of Corrections locator indicated that the petitioner was in the custody of the *Wisconsin* Department of Corrections and lists *Wisconsin* criminal cases that led to his incarceration. As the court has told the petitioner, he cannot use a §2241 form to seek state *habeas* relief. The statute that allows a person in *state*

custody under a *state* criminal judgment is 28 U.S.C. §2254, and the petitioner needed to prepare his petition on a §2254 form.

The court told the petitioner that in its August 14, 2023 order directing him to file an amended complaint, and along with that order, the court sent the petitioner a blank §2254 form. Dkt. No. 9. The petitioner never has filed an amended complaint on a §2254 form, which means the court never has received the information it needs to decide whether he is entitled to relief. On October 4, 2023, the court dismissed the petition without prejudice because the petitioner had not complied with the court's August 14, 2023 order requiring that by September 15, 2023, he must file either (1) an amended petition using the form the court sent to him on August 14, 2023 or (2) a motion asking for more time to file the amended petition. Dkt. No. 18.

Nearly three weeks after the court dismissed the petition, it received from the petitioner a second copy of the same §2241 petition he'd filed originally, dkt. no. 20-1, along with a request that the court give him an extension of time to file it, dkt. no. 20. Two days later, the court received from the petitioner a *third* copy of the original §2241 petition. Dkt. No. 21. Because the petitioner had not filed an *amended* petition on a §2254 form, the court denied the petitioner's motion for an extension of time to file the amended petition. Dkt. No. 23.

Four days later, the court received from the petitioner a "motion to reopen and extension of time on this case." Dkt. No. 24. The motion explains that the petitioner has attached his "PSI documents for proof . . . that he was

2

in Cleveland Ohio on a parole violation at the time of this drug-related murder" and instructs the court to conduct a "google search" for his "worldwide live interview." Id. at 1. The motion also asserts that the petitioner had "proven [his] case," that he is "from Florida," and that he "just came back to see [his] family and . . . got trapped within the Wis prison system." Id.

The petitioner attached to this motion nineteen pages of exhibits. Dkt. No. 24-1. The exhibits consist of letters, a state-court presentence investigation report and a couple of pages of a neuropsychological evaluation related to Case No. 09CF5292. Id. The Wisconsin Circuit Court Access Program reflects that this case is State of Wisconsin v. Andre Lamar Tinnon, 2009CF0005292 (Milwaukee County Circuit Court). https://wcca.wicourts.gov/caseDetail.html?caseNo=2009CF005292&countyNo=40&index=0&mode=details. The petitioner was charged by complaint on November 17, 2009, pled guilty on April 1, 2010 to one count of first-degree intentional homicide and one count of being a prohibited person in possession of a firearm and was sentenced on June 7, 2010 to serve life in prison on the homicide charge and ten years concurrent on the firearm charge. Id. The public docket indicates that in the thirteen years since, the petitioner has repeatedly challenged his conviction and sentence. Id.

The court understands that the petitioner believes he has evidence that shows that he is innocent of the crime for which he is serving his sentence. But this federal court cannot consider that evidence until the petitioner follows the procedures required by law. First, he must bring his federal *habeas* claim under the correct statute—28 U.S.C. §2254. He must do so by filing his

3

petition on the correct form for that statute and providing the information requested by that form. That information allows this federal court to determine whether he filed his petition within the time limits required by federal law, whether he has "exhausted" his state-court remedies as required by federal law and other information the court needs before it can reach the merits of the petitioner's claims. Even if the petitioner is innocent of the charges against him, this court cannot rule in his favor unless he follows the procedures required by federal law. He has not done that.

The court will not grant the petitioner's motion. If the petitioner wants the court to reopen this federal *habeas* case, he must file a motion to reopen and attach to it an *amended* complaint *on the §2254 form the court is enclosing with this order*. The court will not reopen the case if the petitioner simply sends yet another copy of his original §2241 petition. **And if the petitioner continues to file motions to reopen but does not attach a proposed amended complaint prepared on a §2254 form, the court may issue an order prohibiting him from filing any more documents in this case.**

The court **DENIES** the petitioner's motion to reopen his case and for an extension of time. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 6th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**