UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE L. TINNON,

                    Petitioner,

                                                    Case No. 23-cv-493-pp

        v.

LARRY FUCHS,[1]

                    Respondent.

## ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE (DKT. NO. 31)

On April 17, 2023, the petitioner, representing himself, filed a petition for a writ of *habeas corpus*, attempting to challenge his conviction for first-degree intentional homicide and possession of a firearm by a felon. Dkt. No. 1. The court screened the petition and determined that the petitioner had improperly sought to challenge his conviction under 28 U.S.C. §2241, which does not apply to individuals in state custody seeking to challenge that custody. Dkt. No. 9 at 4–5. The court ordered that the petitioner could file an amended petition under 28 U.S.C. §2254, using the court's standard form, by September 15, 2023; if he did not do so, he risked dismissal of the case. Id. at 5.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if the petitioner is in custody under a state-court judgment, the petition must name as respondent the state officer who has custody. The court has substituted Warden Larry Fuchs of Columbia Correctional Institution as the respondent.

1

On August 18, 2023, the court received from the petitioner an amended petition, but he had not used the court's form. See Dkt. No. 10. The court issued another order, reiterating that the petitioner must file an amended petition using the court's form. Dkt. No. 14 at 3. When the court did not receive a second amended complaint from the petitioner, the court dismissed the amended petition because the petitioner did not comply with the court's order and because the court had discovered that the petitioner's original petition appeared to be an unauthorized second or successive petition. Dkt. No. 18 at 8.

A few weeks after the court dismissed the petition, the court received from the petitioner a request for an extension of time to file an "amended petition," dkt. no. 20; he provided the court with the proposed "amended petition," which actually was a copy of his initial §2241 petition. Dkt. Nos. 20-1, 21. The court denied the motion because—again—the petitioner sought relief under §2241 when he should have sought relief under §2254. Dkt. No. 23 at 3. Four days after the court issued that order, it received from the petitioner a motion to reopen the case. Dkt. No. 24. The petitioner attached several exhibits to the motion but did not attach an amended petition. The court denied the motion to reopen, instructing the petitioner that if he wanted the court to reopen this case, he must file a motion to reopen and attach to it an amended petition on the court's §2254 form. Dkt. No. 25 at 4.

On November 9, 2023, the court received from the petitioner a proposed amended petition, this time on the proper §2254 form. Dkt. No. 26. The court received from the petitioner two additional copies of this petition, dkt. nos. 27,

29, and on May 13, 2024, the court received the petitioner's motion to reopen the case, dkt. no. 31.

Because the petitioner has not shown extraordinary circumstances justifying reopening the case, the court will deny the motion.

## I.     Background

The amended petition refers to Milwaukee County Case No. 2009CF5292. Dkt. No. 26-1 at 2. The publicly available docket shows that on April 1, 2010, the petitioner pled guilty to first-degree intentional homicide and possession of a firearm by a prohibited person. State v. Tinnon, Case No. 2009CF5292 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). On June 7, 2010, the state court sentenced the petitioner to a term of life imprisonment with eligibility for extended supervision after serving thirty-eight years. Id. The court entered a judgment of conviction on June 8, 2010. Id.

The amended petition says that the petitioner previously challenged this conviction in federal court. Dkt. No. 26-1 at 6. This district's Case No. 19-cv-340, filed with this court in March 2019, was a §2254 *habeas* petition challenging the petitioner's 2010 conviction and sentence for first-degree intentional homicide and possession of a firearm by a felon. See Tinnon v. Boughton, Case No. 19-cv-340, 2021 WL 2788938, at *1 (E.D. Wis. June 16, 2021). In that case, the petitioner asserted that newly discovered evidence proved his innocence. Id. at *2 n.1. Judge Brett Ludwig found that the petitioner had "not exhaust[ed] his state court remedies in connection with his 2010 conviction." Id. at *2. Judge Ludwig determined that the petitioner "never

sought review of the circuit court's decisions denying his postconviction motions nor did he challenge his appellate counsel's statement that his direct appeal lacked merit or seek review of the appellate court's determination that his appeal lacked merit." Id. Judge Ludwig dismissed the petition. Id.

## II.     Motion to Reopen (Dkt. No. 31)

The petitioner does not cite a legal ground for reopening his *habeas* case. Federal Rule of Civil Procedure 59(e) states that a motion to "alter or amend a judgment must be filed no later than twenty-eight days after the entry of the judgment." Because the petitioner filed his motion more than twenty-eight days after the court entered judgment, the court must treat his motion to reopen as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. See United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) (holding that substantive motions to alter or amend a judgment served after the deadline set in Fed. R. Civ. P. 59(e) must be evaluated under Rule 60(b)). The Seventh Circuit has explained the high bar a party faces on a motion for relief from judgment under Fed. R. Civ. P. 60(b):

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous applications of law." *Eskridge* [*v. Cook County*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

4

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. App'x. 381, 384 (7th Cir. 2010).

Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

> (1)    mistake, inadvertence, surprise, or excusable neglect;
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)    the judgment is void;
> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)    any other reason that justifies relief.

The petitioner did not specify a ground for relief in his motion, so the court will consider the motion under the catchall provision—Rule 60(b)(6). That rule requires a petitioner to show "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

The petitioner argues that he had "extreme ongoing medical issues that prevented [him] from filing in a timely manner." Dkt. No. 31 at 1. He contends that he has a lawyer that will be "helping and assisting" him with obtaining legal counsel "within the near future." Id. The petitioner cites five cases that he argues "could possibly show some errors in my last filings." Id. at 2. The petitioner attached his proposed amended petition and several exhibits, including correspondence with potential legal counsel, a pre-sentence report and an autopsy report related to his 2010 conviction. Dkt. Nos. 31-1, 31-2. The

5

exhibits the petitioner attached to his motion are the same ones he sent to the court with his initial *habeas* petition.

The petitioner has not shown extraordinary circumstances justifying reopening his case. The cases the petitioner cites are not on point. Williams v. Taylor, 529 U.S. 362 (2000), Harrington v. Richter, 562 U.S. 86 (2011) and Cullen v. Pinholster, 563 U.S. 170 (2011) analyze *habeas* petitioners' ineffective assistance of counsel claims. Stock v. Rednour, 621 F.3d 644 (7th Cir. 2010) discusses the confrontation clause. White v. Woodall, 572 U.S. 415 (2014) discusses jury instructions. Each of these cases discuss the merits of a *habeas* petitioner's claim; they do not discuss whether the petitioner is entitled to reopen an already-dismissed *habeas* case. The petitioner makes no substantive argument supporting a finding of extraordinary circumstances.

Even if the petitioner had stated some extraordinary circumstance justifying reopening the case, his case could not proceed because his amended petition appears to be an unauthorized second or successive petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). To enforce this provision, AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject

matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

In Case No. 19-cv-340, Judge Ludwig considered a *habeas* petition that challenged the petitioner's June 2010 conviction and sentence in Milwaukee County court for first-degree intentional homicide and possession of a firearm by a felon. Tinnon, 2021 WL 2788938. This case, like the one Judge Ludwig

decided, also challenges the petitioner's June 2010 conviction. Judge Ludwig's June 21, 2021 decision dismissed the petitioner's claim that newly discovered evidence proves his innocence on grounds that the petitioner had failed to exhaust his state court remedies. See id. at *2 & n.1. The amended petition in this case raises the same arguments. The petitioner states that he "filed multiple motions to express [to] the courts of [his] [innocence]," alleging both "lack of evidence" and "newly-discovered evidence" showing his innocence. Dkt. No. 26-1 at 7. The petitioner states that he "enclosed documents [to] show people stating that [he] was innocent." Id. at 8. The petitioner's proposed amended petition appears to be a second or successive petition.

The petitioner has not provided this court with an order from the Seventh Circuit Court of Appeals authorizing him to file a second or successive petition. A search of the Seventh Circuit's online database using the petitioner's name shows that the petitioner appealed Judge Ludwig's decision dismissing the petitioner's first *habeas* case, Tinnon v. Boughton, Appeal No. 21-2906. The Seventh Circuit dismissed that appeal for lack of jurisdiction, finding that "judgment was entered on June 16, 2021, and the notice of appeal was filed on October 14, 2021, nearly three months late." Tinnon v. Boughton, Appeal No. 21-2906, 2022 WL 1164812, at *1 (7th Cir. Mar. 8, 2022). The court could not find any order granting the petitioner permission to file a second or successive *habeas* petition. Without such an order, this court has no jurisdiction to consider the amended petition even if the petitioner had stated a valid basis for reopening the case.

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Larry Fuchs is the correct respondent.

The court **DENIES** the petitioner's motion to reopen this case. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 26th day of December, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9